This is an appeal from a final order granting Appellee Cincinnati Insurance Company's motion for summary judgment in a declaratory judgment action seeking determination as to what obligations, if any, Cincinnati (Insurer) owed Appellants Zeke Carter and Carter Realty Company, Inc. (Insureds), in a separate action for damages brought by a third party.[1] We affirm.
 FACTS
Hidden Forest, Ltd., not a party to this appeal, operates an apartment complex located in Phenix City, Alabama. Hidden Forest contracted with the Insureds to manage its apartments. The Insureds, in turn, employed Bonnie Kay Stewart as resident manager of Hidden Forest. On August 20, 1979, Bonnie Kay Stewart was injured in a fire which occurred in the apartment occupied by her in the Hidden Forest complex. On November 26, 1980, Bonnie Kay Stewart, as Plaintiff, filed a five-count complaint for damages against the Insureds and others not parties to this appeal.
Count I of the complaint is grounded upon fraud. Ms. Stewart alleges that, after learning of her injuries, the Insureds fraudulently represented to her that they would give her a job and pay her medical bills if she would agree not to file suit against them; that she relied on these representations and did not file suit; that she incurred medical expenses; that she was not given a job; and that, as a proximate result of her reliance on these representations, she incurred medical expenses, was left without a job, and received no workman's compensation benefits.
In Count II, Plaintiff alleges loss of workmen's compensation benefits as a result of the Insureds' alleged failure to provide workmen's compensation insurance coverage as required by the laws of this State.
Count III of the complaint is brought under the Employer's Liability Act, with Plaintiff alleging that the Insureds failed to provide her with a safe place to work. *Page 44 
Count IV of the complaint is based on contract. Plaintiff alleges that the Insureds agreed to pay her medical expenses and give her a job in consideration for her agreement not to file suit against them, and that they breached the alleged contract.
Count V is also based upon contract. Plaintiff alleges that the Insureds and Hidden Forest were under an implied contractual duty to furnish her with a safe place to work, and that they breached this duty.
Although Hidden Forest is the named insured under Insurer's comprehensive general liability insurance coverage (an apartment package policy), the Insurer concedes that Zeke Carter and Carter Realty are insureds under the policy. The Insureds have called upon the Insurer to defend them in the suit brought by Bonnie Kay Stewart.
Pertinent portions of the policy, entitled "Coverage and Exclusions," are set forth as follows:
"1. COVERAGE A — BODILY INJURY LIABILITY
COVERAGE B — PROPERTY DAMAGE LIABILITY
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"Coverage A. bodily injury or
"Coverage B. property damages
 to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
"Exclusions
"This insurance does not apply:
 "(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;"
". . . .
 "(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation unemployment compensation or disability benefits law, or under any similar law;
 "(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract;"
 ISSUES
Appellants proffer the following issues for our consideration.
 I
Is the Insurer obligated under its policy to provide or afford a defense to Insureds or Hidden Forest as Defendants as to any of the separate actions stated in the complaint filed against them by Bonnie Kay Stewart as plaintiff?
 II
If the Insurer is obligated under its policy to provide or afford a defense to the Insureds or to Hidden Forest as to any of the separate actions stated in the complaint of Bonnie Kay Stewart, is it further obligated to pay up to the limits of its policy any judgment Bonnie Kay Stewart may recover in any of the separate actions stated in her complaint?
We answer both inquiries in the negative. *Page 45 
 DECISION
Initially, our analysis must recognize that the primary suit giving rise to this declaratory judgment action was not filed within one year from the date of injury. Although some of the counts make reference to workmen's compensation benefits, or, alternatively, damages under the Employer's Liability Act, the gravamen of the respective claims in Counts I through IV is either fraud or breach of contract for the failure of Defendants to comply with certain terms of an oral agreement in consideration of the Plaintiff's not bringing suit for her alleged injuries.
This posture of the claim, then, compels our conclusion that Plaintiff's respective statement of her claim in Counts I through IV are either not covered by the initial insuring provisions, or they are excluded by the clear and unequivocal language of the policy. Our summary holding with regard to Counts I and IV requires no discussion beyond the mere observation that claims by an employee for personal injuries arising out of and in the course of employment, which are clearly excluded if timely filed, cannot be enhanced for coverage purposes by claiming fraud or breach of contract as here asserted.
Certainly, no citation of authority is necessary for this proposition: Where the underlying claim — claim for personal injuries based upon the employer/employee relationship — is explicitly enumerated within the exclusionary language of the policy, subsequent claims, whether sounding in contract or in tort, seeking to enforce the original obligations, are likewise excluded from coverage, both as to duty to defend and as to the duty to assume any obligation of payment.
The fifth statement of the claim, however, seeks to recover on an original, implied contract which is not based on any underlying prior legal obligations. In essence, Court V alleges that the defendant Insureds and Hidden Forest breached an implied contractual duty to furnish Plaintiff a safe place in which to live. Because the gravamen of this claim is not based necessarily upon the Plaintiff's employee status, the fact question as to whether her injuries arose out of her employment is not one to be dealt with on consideration of the Insurer's motion to dismiss.
Thus, Count V invokes an altogether different analysis with respect to the "exclusion" defense from the summary disposition accorded the first four counts. We must look beyond the "employee" exclusion to the "obligations of contract" provision in order to test the validity of the trial court's order of dismissal. Again, we quote this exclusionary language from the policy: "This insurance does not apply: (a) to liability assumed by the insured under any contract or agreement. . . ."
This Court recently interpreted identical language in the case of U.S. Fidelity Guaranty Co. v. National Tank MachineWorks, Inc., 402 So.2d 925 (Ala. 1981). There, in finding that the "contract" exclusion was inapplicable, because the claim, though premised upon a contractual relationship between the parties, sounded in tort, the Court necessarily recognized the applicability of this particular exclusion. We hold, therefore, that Plaintiff's Count Five falls squarely within the clear and unambiguous terms of the exclusionary provisions of the insurance policy.
Finding that the trial court correctly construed each of Plaintiff's statements of her claim as being excluded from the coverage of the insurance policy, we affirm the order of dismissal.
AFFIRMED.
MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur.
[1] The Defendants in the action, as amended, from which this declaratory judgment proceeding arose were: Zeke Carter, Carter Realty Company, Inc., Ebby Jones, Hidden Forest Apartments, Ltd., a partnership, Bill Hulsey, W.A. Cottrell, Jr., and E.M. Jones. Only Zeke Carter and Carter Realty Company, Inc., perfected an appeal from the order granting the Insurer's motion for summary judgment. The disposition of the original action has been stayed, pending resolution of the instant cause. *Page 46